**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| TERRY JENKINS, | : | Case No. 2:26-cv-507 |
| Plaintiff, | : | |
| vs. | : | Chief Judge Sarah D. Morrison<br>Magistrate Judge Kimberly A. Jolson |
| TBD, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On April 27, 2026, Plaintiff, proceeding *pro se*, initiated this case by filing a document that is docketed as a prisoner civil rights action. (Doc. 1).

The Undersigned issued a Deficiency Order on May 22, 2026, ordering Plaintiff to file a proper initiating document because his current filing is unclear and fails to name any defendants or causes of action. (Doc. 3). The Undersigned also ordered Plaintiff to submit a completed civil cover sheet and to either pay the required civil filing fee or submit a completed application to proceed *in forma pauperis*. (*Id.*). Plaintiff had thirty days to comply with the Order and was advised that the Court would recommend dismissal if he failed to comply. (*Id.*).

On June 17, 2026, mail sent to Plaintiff regarding a Related Case Memorandum Order was returned as undeliverable and unable to forward. (Doc. 4).

Receiving no response from Plaintiff as to the Court's Deficiency Order and with his mail being returned as undeliverable, on July 8, 2026, the Court issued a Show Cause Order, ordering Plaintiff to show good cause as to why this action should not be dismissed for failure to prosecute and to provide an updated address and explanation as to the delay by July 29, 2026, if he wished

to proceed. (Doc. 5). Plaintiff was advised that if he did not comply with the Court's Order, the Undersigned would recommend his case be dismissed for failure to prosecute. (*Id*. at 2).

That date has now passed, and Plaintiff has failed to respond. Additionally, the most recent Court mailing to Plaintiff was returned as undeliverable. (Doc. 6).

District courts have the "inherent power" to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quoting Fed. R. Civ. P. 41(b)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citations omitted). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Because Plaintiff has failed to respond to the Court's previous Orders and has failed to update his address, the Undersigned **RECOMMENDS** that this matter be **DISMISSED** for want of prosecution. *See In re Prison Litig. Reform Act*, 105 F.3d 1131 (6th Cir. 1997). *See also Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.") (citations omitted).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED.**

Date: July 30, 2026

*/s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE